UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARC ANTHONY MCJOY,

    *Petitioner*,

vs.

STATE OF NEVADA, *et al.*,

    *Respondents*.

2:07-cv-00483-JCM-LRL

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the court for initial review of the amended petition (#9) under Rule 4 of the Rules Governing Proceedings under Section 2254, as well as on a letter docketed as a motion (#6) for status check.

Following initial review, it appears: (a) that the petition, as amended, may be subject to dismissal without prejudice for lack of exhaustion because the claims in the petition were not fairly presented to the state courts in a procedural vehicle in which the merits of the claims would be addressed; and (b) that the petition, as amended, may be subject to dismissal with prejudice as time-barred for failure to file the petition within the one year limitation period established in 28 U.S.C. § 2244(d)(1) by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Petitioner therefore will be directed to show cause in writing why the petition, as amended, should not be dismissed for lack of exhaustion or as time-barred.

### *Background*

Petitioner Marc Anthony McJoy seeks to set aside his 2004 Nevada state court conviction, pursuant to a guilty plea, of attempted murder with the use of a deadly weapon.

The judgment of conviction was entered on September 8, 2004. Petitioner did not take a direct appeal. The time for doing so expired on or about October 8, 2004.[1]

More than twenty months later, on or about June 13, 2006, petitioner filed a motion to correct illegal sentence in the state district court. The motion was denied, and the Supreme Court of Nevada affirmed in an order filed on January 8, 2007.

Nearly three months later, on or about April 5, 2007, petitioner mailed his federal petition for filing in this matter.

### *Exhaustion*

Under 28 U.S.C. § 2254(b)(1)(A), as to each claim in the petition, a habeas petitioner first must exhaust his state court remedies before presenting the claim to the federal courts. To satisfy this exhaustion requirement, all claims must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

It further is established law that presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim. *See,e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). It does not appear that the claims in the federal petition were presented to the state courts in a procedural context in which the merits of the claims would be considered.

In federal Ground One, petitioner alleges that he was denied due process because the sentence imposed breached the plea agreement by allegedly exceeding the sentence

---

[1] See the Nevada Supreme Court's January 8, 2007, order of affirmance, a copy of which is filed with #8. The remaining state court procedural history is taken from the state high court's order.

-2-

promised to petitioner by the state prosecutor. In federal Ground Two, petitioner appears to present two claims. He claims that he did not enter the plea with a full understanding of the range of his punishment or the consequences of his plea, suggesting that his plea was not a knowing, voluntary and intelligent plea. He further claims that the weapon enhancement was imposed in violation of his right to a jury determination of the enhancement portion of his sentence, as allegedly required under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

In the state courts, as described by the Supreme Court of Nevada, petitioner contended, first, that the state district court unconstitutionally enhanced his sentence because there was no finding by a jury that he used a deadly weapon. He contended, second, that his sentence exceeded that set forth in the plea agreement.

The Supreme Court of Nevada rejected these claims because they exceeded the narrow scope of a motion to correct an illegal sentence. Such a motion may be used to challenge only the facial legality of the sentence on the basis either that the district court was without jurisdiction to impose the sentence or that the sentence was imposed in excess of the statutory maximum. The state high court affirmed the denial of the motion on the basis that petitioner had not established either basis for a motion to correct an illegal sentence. The court further observed that petitioner could not use a motion to correct an illegal sentence to challenge the validity of his guilty plea.

The claims in the federal petition were not fairly presented to the state courts in a procedural vehicle in which the merits of the claims would be addressed. It further appears on the present record that federal Ground Two may include an additional challenge to the guilty plea that was not presented in any fashion to the state courts, to the extent that the claim challenges the plea as not being knowing, voluntary and intelligent. Petitioner therefore must show cause in writing why the present petition should not be dismissed without prejudice for lack of exhaustion as to any of the claims contained therein.

/ / / /

/ / / /

***Time Bar***

Further, pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the court *sua sponte* raises the question of whether the petition, as amended, is time-barred for failure to file the original petition within the one year limitation period established in 28 U.S.C. § 2244(d)(1) by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless tolled, began running after the expiration of the time period for taking a direct appeal, *i.e.,* after October 8, 2004.

The federal limitation period expired one year later on Tuesday, October 11, 2005, following the Columbus Day federal holiday.

The limitation period may be tolled under Section 2244(d)(2) during the pendency of a properly filed application for state post-conviction relief. However, the motion to correct illegal sentence was not filed until on or about June 13, 2006, approximately eight months after the federal limitation period already had expired.

The present petition, as amended, therefore is untimely unless the limitation period otherwise is tolled.

Petitioner therefore must show cause in writing why the petition, as amended, should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the limitation period may be equitably tolled if extraordinary circumstances beyond petitioner's control made it impossible to file the claims on time. *E.g., Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). However, to establish equitable tolling, petitioner must show that objective external forces rather than his own lack of diligence caused the failure to file timely. *See id.* Petitioner further is informed that, under certain circumstances, the limitation period may begin running on a later date. *See* 28 U.S.C. § 2244(d)(1)(B), (C) & (D).

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing: (a) why the petition, as amended, should not be dismissed without prejudice for lack of exhaustion; and (b) why the petition, as amended,

1  should not be dismissed with prejudice as time-barred.  If petitioner does not timely respond
2  to this order, the petition will be dismissed with prejudice as time-barred.   If petitioner
3  responds but fails to demonstrate that the petition both is exhausted and timely, the petition
4  will be dismissed either without prejudice as unexhausted or with prejudice as time-barred.
5  All assertions of fact must be detailed, must be specific as to time and place, and must be
6  supported by competent evidence.  Any assertions of fact not made pursuant to a declaration
7  under penalty of perjury will not be considered.

8       IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner
9  shall file, with his show cause response, a copy of his filings in the state courts upon which
10 he bases his contention that he exhausted his claims in the state courts.

11      IT FURTHER IS ORDERED that the letter docketed as a motion (#6) for status check
12 is DENIED as moot.  Petitioner shall communicate with the court only by motion, not by letter.

13      The failure to comply fully and timely with any provision of this order will result in the
14 dismissal of this action without further advance notice.[2]

15      DATED:  November 13, 2007.

18                                                  _____
19                                                  JAMES C. MAHAN
                                                    United States District Judge

---

28  [2]This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.